JOHN ORSINI v. KATHLEEN TARRO
(AC 23531)

Schaller, DiPentima and McLachlan, Js.

---

Submitted on briefs September 19—officially released November 25, 2003

*Michael D. O'Connell* and *Julia B. Morris* filed a brief for the appellant (defendant).

*Vincent T. McManus, Jr.,* filed a brief for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant, Kathleen Tarro, appeals from the judgment of the trial court granting the application for a prejudgment remedy filed by the plaintiff, John Orsini, in the amount of $5500. The defendant claims that the court improperly granted the prejudgment remedy on the basis of General Statutes § 52-568. We affirm the judgment of the trial court.

The following facts are relevant to our consideration of the defendant's claim on appeal. The defendant is the principal of Interiors of Yesterday, LLC (Interiors). The plaintiff was Interiors' landlord. In April, 2001, the plaintiff, pursuant to the lease agreement between the parties, pursued Interiors through arbitration for rent due and various other damages. The arbitrator awarded the plaintiff $110,000, and the trial court confirmed that

award. The defendant, pro se, appealed from the court's judgment.

On October 19, 2001, the defendant, pro se, filed a voluntary bankruptcy petition on Interiors' behalf, which the United States Bankruptcy Court for the District of Connecticut dismissed. On February 6, 2002, the defendant, pro se, filed a second voluntary bankruptcy petition on Interiors' behalf.[1] On February 26, 2002, the plaintiff commenced the present action against the defendant pursuant to § 52-568.[2] On May 6, 2002, the plaintiff filed an application for a prejudgment remedy, asserting that there was probable cause that he would succeed on the merits of his claim against the defendant for vexatious defenses interposed in the arbitration proceeding and in filing the bankruptcy petitions. On September 24, 2002, the court granted the plaintiff's application, stating: "The court finds that there is probable cause that the plaintiff will prevail in his claim that these bankruptcy petitions improperly initiated by [the defendant], with no bona fide basis to believe she had the right to so proceed, were vexatious proceedings by [her].[3] The court finds, based on the evidence before

[1] At the time the trial court rendered its decision on the plaintiff's application for a prejudgment remedy, the Bankruptcy Court had scheduled a hearing on the bankruptcy petition to determine whether it should be dismissed for an invalid pro se filing. We note that the Bankruptcy Court subsequently declined to dismiss the matter.

[2] General Statutes § 52-568 provides: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages."

[3] Because it was not raised as an issue in this appeal or before the trial court, this court does not address whether the filing of a bankruptcy petition constitutes a civil action within the meaning of General Statutes § 52-568. But see *Gonzales* v. *Parks*, 830 F.2d 1033 (9th Cir. 1987); see also *Lewis* v. *Chelsea G.C.A. Realty Partnership, LP*, Superior Court, judicial district of Waterbury, Docket No. X06-960154801 (January 22, 2003) (34 Conn. L. Rptr. 5).

it, that the plaintiff has incurred damages by way of attorney's fees and costs regarding the bankruptcy in the amount of $4175.

"The appeal filed pro se by [the defendant] was also a civil action filed without merit or a bona fide belief in the right to so proceed. As a result of this vexatious conduct, there is probable cause to believe the plaintiff will be successful on the merits of this aspect of the claim. The plaintiff has established damages by way of attorney's fees in the amount of $1150. Based upon the evidence before the court for this proceeding, the court finds there is probable cause the plaintiff will prevail at least in part and issues a prejudgment remedy attachment in the amount of $5500."[4] The defendant now appeals from that judgment.

"The [prejudgment remedy] probable cause review is extremely limited. It is firmly established that the trial court's hearing in probable cause is not intended to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable successes by weighing probabilities." (Internal quotation marks omitted.) *William Beazley Co.* v. *Business Park Associates, Inc.*, 34 Conn. App. 801, 805–806, 643 A.2d 1298 (1994).

"Appellate review of a trial court's broad discretion to deny or grant a prejudgment remedy is limited to a determination of whether the trial court's rulings constituted clear error." *State* v. *Ham*, 253 Conn. 566, 568, 755 A.2d 176 (2000). "It is the trial court that must

---

[4] We note that the court also determined that "neither the arbitration nor the proceedings in the Superior Court to confirm the arbitration award constitute a civil action within the meaning of General Statutes § 52-568." Therefore, the statute was not implicated by the allegedly vexatious conduct with respect to the arbitration proceedings.

determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim. We decide only whether the determination of the trial court constituted clear error." *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991).

"The legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." (Citation omitted; internal quotation marks omitted.) *Three S. Development Co.* v. *Santore*, 193 Conn. 174, 175, 474 A.2d 795 (1984).

In her argument, the defendant claims that because there was no evidence that the bankruptcy petitions had terminated, the plaintiff could not satisfy one of the elements of a claim for vexatious litigation.[5] In essence, the defendant argues that before a prejudgment remedy may issue, the court must find, either expressly or impliedly, that a cause of action exists. That is not the law. "The adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action. It is independent of and collateral thereto and primarily designed to forestall any dissipation of assets by the defendant . . . . [P]rejudgment remedy proceedings . . . are not involved with the adjudication of the merits

---

[5] A claim for vexatious litigation requires a plaintiff to allege that a previous lawsuit was initiated maliciously, without probable cause, and *terminated in the plaintiff's favor. Vandersluis* v. *Weil,* 176 Conn. 353, 356, 407 A.2d 982 (1978).

of the action brought by the plaintiff or with the progress or result of that adjudication." (Internal quotation marks omitted.) *William Beazley Co.* v. *Business Park Associates, Inc.*, supra 34 Conn. App. 806.

On the basis of our review of the record, we conclude that the court did not abuse its broad discretion in granting the plaintiff's application for a prejudgment remedy.

The judgment is affirmed.

In this opinion the other judges concurred.