## BERNHARD-THOMAS BUILDING SYSTEMS, LLC *v.* CHET DUNICAN ET AL.
### (AC 27465)

Schaller, Gruendel and Mihalakos, Js.

Argued November 16, 2006—officially released March 20, 2007

*Alan R. Spirer*, for the appellant (plaintiff).

*Richard A. Roberts*, with whom was *Jennifer J. Cavalier*, for the appellee (defendant Jacques J. Parenteau).

*Opinion*

SCHALLER, J. The plaintiff, Bernhard-Thomas Building Systems, LLC, appeals from the judgment of the trial court rendered in favor of the defendant Jacques J. Parenteau.[1] On appeal, the plaintiff claims that the court improperly struck four counts of its complaint. We affirm the judgment of the trial court.

In its operative complaint, the plaintiff alleged the following facts that are relevant to the issues on appeal.[2] The plaintiff employed Chet Dunican from April, 2002, until February, 2004, as an at-will employee. On December 19, 2003, the defendant, an attorney licensed to practice in Connecticut, filed an application for a prejudgment remedy on behalf of Dunican against the plaintiff in the amount of $3.5 million. The court, *Leuba, J.*, held a hearing over the course of several days and on March 10, 2004, denied the application. Specifically, the court stated that it had applied the probable cause standard and concluded that Dunican had failed to sustain his burden with respect to any of his claims. Following the denial of the application for a prejudgment remedy, Dunican withdrew his claims against the plaintiff.

The plaintiff commenced the present action and alleged that it had expended substantial attorney's fees in response to Dunican's application. The plaintiff filed a nine count complaint against both Dunican and the defendant.[3] Counts five and six of the complaint alleged

[1] The named defendant in this action, Chet Dunican, is not a party to this appeal. We therefore refer to Parenteau as the defendant in this opinion.

[2] The plaintiff commenced this action on November 23, 2004. In response to a request to revise, the plaintiff filed an amended complaint on February 8, 2005, and a "partial revision of complaint" on August 11, 2005.

[3] The operative complaint contained nine counts. The first four counts were directed against Dunican, and the last five counts were directed against the defendant. The ninth count of the operative complaint alleged that the defendant had violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The court struck that count, and the plaintiff has not challenged that decision on appeal.

that the defendant had violated General Statutes § 52-568 (1) and (2). Count seven set forth a cause of action for common-law vexatious litigation. Count eight alleged an abuse of process by the defendant. These counts were based on the defendant's filing of the application for a prejudgment remedy and sending a copy of the application to the Weitz Company, the plaintiff's largest client, in order "to vex and trouble the [p]laintiff" and "to attempt to pressure the [p]laintiff to pay money" to Dunican. The plaintiff further alleged that the defendant and Dunican indicated that if it refused to pay Dunican money, Dunican would reveal embarrassing information regarding "members" of the plaintiff and their families.

The defendant moved to strike the counts against him by a motion filed August 24, 2005. On January 18, 2006, the court, *Hon. David W. Skolnick*, judge trial referee, granted the motion and struck the counts against the defendant.[4] With respect to the claims of statutory and common-law vexatious litigation, the court concluded that an application for a prejudgment remedy did not constitute a civil action that terminated in favor of the plaintiff, a necessary element to the tort of vexatious litigation. With respect to the cause of action for abuse of process, the court stated that the allegations contained in the complaint failed to establish that the defendant's actions "were in furtherance of a primary purpose other than to secure a prejudgment

---

[4] "A judgment that disposes of only a part of a complaint is not a final judgment. . . . Our rules of practice, however, set forth certain circumstances under which a party may appeal from a judgment disposing of less than all of the counts of a complaint. Thus, a party may appeal if the partial judgment disposes of all causes of action against a particular party or parties; see Practice Book § 61-3 . . . ." (Internal quotation marks omitted.) *Rino Gnesi Co.* v. *Sbriglio*, 98 Conn. App. 1, 7–8, 908 A.2d 1, cert. denied, 280 Conn. 945, 912 A.2d 480 (2006); see also *McCoy* v. *New Haven*, 92 Conn. App. 558, 560 n.1, 886 A.2d 489 (2005). Here, there is a final judgment because all of the causes of action against the defendant were disposed of.

remedy. Rather, these allegations merely show that an ulterior motive existed."

Pursuant to Practice Book § 10-44, the defendant, on February 7, 2006, moved for judgment on the stricken counts against him.[5] The court granted this motion, without objection, on February 27, 2006. This appeal followed. Additional facts will be set forth as necessary.

As an initial matter, we identify the appropriate standard of review. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendants' motion] is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed,

---

[5] "Practice Book § 10-44 provides in relevant part that [w]ithin fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading . . . . As a general rule, [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the [motion to strike] the original pleading. . . . Accordingly, a party has two mutually exclusive options: A party may file either an amended pleading, thereby waiving the right to challenge the striking of the initial complaint; or a party may appeal from the judgment rendered regarding the initial stricken complaint. . . . The choice is left to the plaintiff, but once he files an amended pleading the ruling on the [original motion to strike] ceases to be an issue. The rule is a sound one, as it serves to prevent the prolongation of litigation." (Citations omitted; internal quotation marks omitted.) *Parker* v. *Ginsburg Development CT, LLC*, 85 Conn. App. 777, 780, 859 A.2d 46 (2004); see also *Bross* v. *Hillside Acres, Inc.*, 92 Conn. App. 773, 777–78, 887 A.2d 420 (2006).

pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Violano* v. *Fernandez*, 88 Conn. App. 1, 4–5, 868 A.2d 69 (2005), aff'd, 280 Conn. 310, 907 A.2d 1188 (2006); see also *Rizzuto* v. *Davidson Ladders, Inc.*, 280 Conn. 225, 229, 905 A.2d 1165 (2006); *Heim* v. *California Federal Bank*, 78 Conn. App. 351, 358–59, 828 A.2d 129, cert. denied, 266 Conn. 911, 832 A.2d 70 (2003). We will address each of the stricken counts in turn.

I

The plaintiff first claims that the court improperly struck counts five, six and seven of its operative complaint. Specifically, the plaintiff argues that the court improperly concluded that the application filed by the defendant on behalf of Dunican for a prejudgment remedy did not constitute a "prior civil action," which is an element of vexatious litigation. We disagree.

We begin our discussion by setting forth the elements of the common-law tort of vexatious litigation. Our Supreme Court has stated: "In a malicious prosecution or vexatious litigation action, it is necessary to prove want of probable cause, malice and a termination of [the] suit in the plaintiffs' favor. . . . *[Establishing] a cause of action for vexatious suit requires proof that a civil action has been prosecuted* not only without probable cause but also with malice. . . . It must also appear that the litigation claimed to be vexatious terminated in some way favorable to the defendant therein." (Citations omitted; emphasis added; internal quotation marks omitted.) *QSP, Inc.* v. *Aetna Casualty & Surety Co.*, 256 Conn. 343, 361, 773 A.2d 906 (2001); see also *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Cole*, 189 Conn. 518, 538, 457 A.2d 656 (1983); *Vandersluis* v. *Weil*, 176 Conn. 353, 356, 407 A.2d 982 (1978); D. Wright, J. Fitzgerald & W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 162, p. 432.

We now identify the elements of statutory vexatious litigation. Section 52-568 provides: "Any person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages." This court has stated that "[t]he elements of a common-law or statutory cause of action for vexatious litigation are identical." *Norse Systems, Inc.* v. *Tingley Systems, Inc.*, 49 Conn. App. 582, 596, 715 A.2d 807 (1998); see also *Frisbie* v. *Morris*, 75 Conn. 637, 639, 55 A. 9 (1903); *Hebrew Home & Hospital, Inc.* v. *Brewer*, 92 Conn. App. 762, 766–67, 886 A.2d 1248 (2005); *Falls Church Group, Ltd.* v. *Tyler, Cooper & Alcorn, LLP*, 89 Conn. App. 459, 467, 874 A.2d 266 (2005), aff'd, 281 Conn. 84, 912 A.2d 1019 (2007); *Shurman* v. *Duncan*, 14 Conn. Sup. 293, 294 (1946).[6] The question, therefore, is whether the court properly concluded that a prejudg-

---

[6] The plaintiff argues that even if we were to conclude that an application for a prejudgment remedy is not a civil action in the context of the tort of common-law vexatious litigation, the language of General Statutes § 52-568 requires a different result for statutory vexatious litigation. Section 52-568 is applicable to "[a]ny person who commences and prosecutes any civil action *or complaint against another* . . . ." (Emphasis added.) The plaintiff contends that the inclusion of the phrase "or complaint against another" evidences a legislative intent to enlarge the scope of the statutory cause of action when compared to the common-law action. In support, the plaintiff refers to the tenet of statutory construction that the legislature does not enact meaningless provisions. See *Doe* v. *Norwich Roman Catholic Diocesan Corp.*, 279 Conn. 207, 216–17, 901 A.2d 673 (2006); *Blasko* v. *Commissioner of Revenue Services*, 98 Conn. App. 439, 453, 910 A.2d 219 (2006).

The plaintiff, however, has failed to demonstrate *why* the phrase "or complaint against another" applies to an application for a prejudgment remedy. As this court recently noted, "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (Internal quotation marks omitted.) *State* v. *Diaz*, 94 Conn. App. 582, 593, 893 A.2d 495, cert. denied, 280 Conn. 901, 907 A.2d 91 (2006). In other words,

ment remedy[7] is not a civil action[8] for purposes of vexatious litigation.

At the outset of our analysis, we note that this appears to be a question of first impression for the appellate

the plaintiff has not included the necessary analysis connecting the general legal principle, that every word in a statute has some meaning, to its conclusion that a prejudgment remedy hearing "should, at the very least, be characterized as a 'complaint against another' within the meaning of § 52-568." This missing analysis, therefore, constitutes inadequate briefing. As a result, we decline to review this claim. "[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Valentine* v. *LaBow*, 95 Conn. App. 436, 452, 897 A.2d 624, cert. denied, 280 Conn. 933, 909 A.2d 963 (2006); see also *Ward* v. *Greene*, 267 Conn. 539, 546, 839 A.2d 1259 (2004).

[7] General Statutes § 52-278a (d) defines a prejudgment remedy as "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment but shall not include a temporary restraining order." See also *Feldmann* v. *Sebastian*, 261 Conn. 721, 726–27, 805 A.2d 713 (2002); *Rhode Island Hospital Trust National Bank* v. *Trust*, 25 Conn. App. 28, 30–31, 592 A.2d 417, cert. granted on other grounds, 220 Conn. 904, 593 A.2d 970 (1991) (appeal withdrawn July 10, 1992).

We have stated that the "adjudication made by the court on the application for a prejudgment remedy is not part of the proceedings ultimately to decide the validity and merits of the plaintiff's cause of action. It is independent of and collateral thereto and primarily designed to forestall any dissipation of assets by the defendant. . . . [P]rejudgment remedy proceedings . . . are not involved with the adjudication of the merits of the action brought by the plaintiff or with the progress or result of that adjudication." (Internal quotation marks omitted.) *Orsini* v. *Tarro*, 80 Conn. App. 268, 272–73, 834 A.2d 776 (2003); see also *Hartford Accident & Indemnity Co.* v. *Ace American Reinsurance Co.*, 279 Conn. 220, 230, 901 A.2d 1164 (2006); *Tyler* v. *Schnabel*, 34 Conn. App. 216, 219, 641 A.2d 388 (1994); *Cahaly* v. *Benistar Property Exchange Trust Co.*, 73 Conn. App. 267, 274, 812 A.2d 1 (2002) ("purpose of the prejudgment remedy of attachment is security for the satisfaction of the plaintiff's judgment, *should* he obtain one" [emphasis in original; internal quotation marks omitted]), rev'd on other grounds, 268 Conn. 264, 842 A.2d 1113 (2004).

[8] In *Board of Education* v. *Tavares Pediatric Center*, 276 Conn. 544, 888 A.2d 65 (2006), our Supreme Court explained that "the term civil action

courts of our state.[9] We note, however, that prior cases, although not precisely on point with the present issue, provide us with guidance. For example, in *Howard* v. *Robertson*, 27 Conn. App. 621, 623, 608 A.2d 711 (1992), the plaintiff had refused to pay a balance owed to the defendant, who had constructed a house for her. The defendant filed a counterclaim and was awarded damages on February 3, 1986. Id. On January 10, 1989, the plaintiff filed an application for a prejudgment remedy and intended to file a petition for a new trial on the basis of her discovery of previously undetectable defects in her home. Id. Following a hearing, the court denied the

. . . has been defined in the broader . . . context of title 52 of the General Statutes. General Statutes § 52-91 provides in relevant part that [t]here shall be one form of civil action. The first pleading on the part of the plaintiff shall be known as the complaint and shall contain a statement of the facts constituting the cause of action and, on a separate page of the complaint, a demand for the relief, which shall be a statement of the remedy or remedies sought. . . . Another provision of title 52 correspondingly defines a civil action, without equivocation, as 'be[ing] commenced by legal process . . . .' General Statutes § 52-45a. . . . *We correspondingly have concluded that a proceeding is not a civil action when it is neither commenced by service of process nor controlled by rules of pleading.*" (Emphasis added; internal quotation marks omitted.) Id., 557–58.

[9] The Superior Court has held on several occasions that the denial of a prejudgment remedy application does not constitute the termination of a prior civil action upon which a lawsuit for vexatious litigation may be based. See *Savitt* v. *Condon & Olderman Realty*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-01-073254-S (October 31, 2002) (33 Conn. L. Rptr. 325); *Wisnioski* v. *Ladizki*, Superior Court, judicial district of Hartford, Docket No. CV-00-0597336-S (October 4, 2001) (30 Conn. L. Rptr. 474); *Delugan* v. *Allen*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-96-0563950-S (April 3, 1997); *Knickerbocker* v. *Village Apartments Properties, Inc.*, Superior Court, judicial district of Litchfield, Docket No. CV-92-0058389 (September 23, 1992) (7 Conn. L. Rptr. 414); *Dinnis* v. *Roberts*, Superior Court, judicial district of New Haven, Docket No. CV-90-296974-S (January 3, 1991) (3 Conn. L. Rptr. 638); see also *Boyko* v. *UST Bank/Connecticut*, Superior Court, judicial district of Fairfield, Docket No. CV-95-327711-S (March 11, 1996) (court struck offer of judgment served with application for prejudgment remedy because such application does not commence action nor is considered civil action for purposes of General Statutes § 52-192a [a]); see 52 Am. Jur. 2d 153, Malicious Prosecution § 20 (2000).

application for a prejudgment remedy. Id. The plaintiff did not file the petition for a new trial until April 17, 1989, more than three years after the conclusion of the original trial. Id., 124.

The defendant successfully moved for summary judgment on the ground that the petition for a new trial was filed outside of the applicable three year statute of limitations. Id. We affirmed the judgment. "[A] *writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [I]t is an essential element to the validity of the jurisdiction of the court.* . . . Although the writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . the plaintiff's complaint must contain the basic information and direction normally included in a writ of summons. . . . A writ must contain a direction to a proper officer for service and a command to summon the defendant to appear in court. . . .

"[*T*]*he writ accompanying the prejudgment remedy documents did not specify a return date by which the defendant would have to file an appearance. This is a necessary component of a writ by which a civil action is commenced.* General Statutes § 52-45a. Although the documents served on the defendant were sufficient to give notice of a prejudgment remedy hearing, they were insufficient to serve as the basis for a petition for new trial. *Contrary to the plaintiff's assertions, the prejudgment remedy documents are not the equivalent of the writ necessary pursuant to General Statutes § 52-45a,* and does not satisfy the requirements of General Statutes § 52-582. Further, the language of General Statutes [§ 52-278c] (b) that the plaintiff is about to commence an action plainly indicates that the application for prejudgment remedy, together with the documents that accompany it, do not commence an action." (Citations omitted; emphasis added; internal quotation marks

omitted.) *Howard* v. *Robertson,* supra, 27 Conn. App. 626–27.

We subsequently applied the reasoning of *Howard* in *Raynor* v. *Hickock Realty Corp.,* 61 Conn. App. 234, 763 A.2d 54 (2000). In that case, the plaintiff alleged that she was injured when she fell on property owned by the defendant. Id., 235. She initially sought and obtained a prejudgment remedy attaching the defendant's property. Id., 235–36. The plaintiff, however, did not file her civil action until February, 1998, more than two years after sustaining her injuries. The defendant successfully moved for summary judgment on the basis of the plaintiff's failure to commence her action within the statute of limitations. Id., 236. In affirming the decision of the trial court, we rejected the plaintiff's claim that *Howard* was distinguishable. Id., 237–38. We noted the importance of a *signed* summons and complaint and stated that "[t]he writ in order to be 'due process of law' must be signed by . . . a . . . commissioner of the Superior Court . . . or a . . . clerk of the court to which it is returnable." (Internal quotation marks omitted.) Id., 240;[10] see also General Statutes § 52-45a; Practice Book § 8-1.[11] We further concluded: "The prejudgment remedy documents lacked a signed writ of

[10] Our Supreme Court has recognized the significance of the signing of a complaint. "The subject of signing and issuing process in civil actions is one of consequence. Such signing is one of the processes of law by which a man may be deprived of his liberty and property. It is carefully guarded. It is not to be done indiscriminately. . . . The signing of a writ by a person as a commissioner of the Superior Court is not a mere ministerial act. . . . The canons of professional ethics require that a lawyer decline to institute an action if he is convinced that it is intended to harass or injure the opposite party or work an oppression or wrong." (Citations omitted.) *Sharkiewicz* v. *Smith,* 142 Conn. 410, 412–13, 114 A.2d 691 (1955); see Practice Book § 4-2 (b).

[11] General Statutes § 52-45a provides that "[c]*ivil actions shall be commenced by legal process consisting of a writ of summons or attachment,* describing the parties, *the court to which it is returnable, the return day,* the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and

summons and complaint. Therefore, the action was not 'commenced' within the meaning of § 52-45a . . . ." *Raynor* v. *Hickock Realty Corp.*, supra, 242.

We are further guided by precedent from our Supreme Court. In *Feldmann* v. *Sebastian*, 261 Conn. 721, 805 A.2d 713 (2002), the plaintiff's estate sought to recover damages on its claim for wrongful death and loss of consortium from two defendants who were members of the Mashantucket Pequot Tribal Nation (tribe). Id., 723. The defendants received tribal incentive payments, which were discretionary payments from the tribe to its members. Id. The plaintiff sought to attach those payments and have them turned over to a receiver. Id., 723–24. Our Supreme Court concluded that the type of prejudgment remedy sought by the plaintiff was not authorized by General Statutes § 52-278a (d). *Feldmann* v. *Sebastian*, supra, 727–28. The court also rejected the plaintiff's argument that such a remedy was authorized by General Statutes § 52-504, which provides in relevant part: "When any action is brought to or pending in the superior court in which an application is made for the appointment of a receiver, any judge of the superior court, when such court is not in session, after due notice given, may make such order in the action as the exigencies of the case may require, and may, from time to time, rescind and modify any such order. . . ." Our Supreme Court concluded that applying for a prejudgment remedy did not commence an action, and therefore, § 52-504 was inapplicable. *Feldmann* v. *Sebastian*, supra, 729–30. "It is well settled

shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable." (Emphasis added.)

Practice Book § 8-1 (a) provides in relevant part: "Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ may run into any judicial district or geographical area and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. . . ."

that a civil action is brought on the date on which the writ of summons is served on the defendant. . . . *An application for a prejudgment remedy, which is not equivalent to a writ of summons and complaint, does not commence an action.*" (Citations omitted; emphasis added; internal quotation marks omitted.) Id.; see also *Hillman* v. *Greenwich*, 217 Conn. 520, 524–25, 587 A.2d 99 (1991) (noting importance of signed writ of summons to commence civil action).

We find further support for our conclusion in the text of the prejudgment remedy statutes, § 52-278a et seq. For example, § 52-278c (b), which sets forth the form that the application for a prejudgment remedy should take, provides in relevant part that the plaintiff "is about to commence an action against" the defendant. This language indicates that the prejudgment remedy application is something that precedes, and, therefore, is not the equivalent of, the commencement of a civil action. See, e.g., *Cahaly* v. *Benistar Property Exchange Trust Co.*, 268 Conn. 264, 272–73, 842 A.2d 1113 (2004) (under clear language of § 52-278c [b], application for prejudgment remedy is not stand-alone pleading); *E. J. Hansen Elevator, Inc.* v. *Stoll*, 167 Conn. 623, 628, 356 A.2d 893 (1975) (prejudgment remedy auxiliary to cause of action alleged); *Howard* v. *Robertson*, supra, 27 Conn. App. 626–27; see also 2 E. Stephenson, Connecticut Civil Procedure (3d Ed. 2002) § 104, p. 2 ("[p]rejudgment remedies are ancillary to the main action for damages and cannot exist without such action").

Moreover, if a subsequent civil action is not commenced within thirty days of a successful application for a prejudgment remedy, then "the court shall dismiss the prejudgment remedy." General Statutes § 52-278j (a). This indicates that the failure to commence the civil action is a process separate and distinct from the initial step of obtaining a prejudgment remedy. Additionally, subsection (c) of § 52-278j provides that "[a]n

application for a prejudgment remedy or a prejudgment remedy which is granted but not served may be withdrawn *in the same manner as a civil cause of action.*" (Emphasis added.) We conclude, therefore, that the text of these statutory subsections indicate a difference between an application for a prejudgment remedy and a civil action.

Applying these principles to the present situation, we conclude that the defendant's application for a prejudgment remedy did not commence a civil action and, therefore, could not form the basis for the plaintiff's claim of vexatious litigation. In reviewing the application for a prejudgment remedy filed by the defendant on behalf of Dunican, we note that there was an affidavit in support of the application, an order of notice and hearing, a summons to appear in court regarding the prejudgment application, order, writ of garnishment and attachment, an unsigned three count complaint, an unsigned statement of the amount in demand, and a recognizance and motion for disclosure. These documents complied with § 52-278c. Our examination reveals, however, that although the defendant's actions satisfy the requirements of a proper request for a prejudgment remedy, the necessary steps to commence a civil action are absent. Notably, there was *no service of a signed* writ of summons and complaint, and, therefore, a civil action was not commenced in the underlying proceedings. Accordingly, the court properly struck counts five through seven of the plaintiff's complaint because they failed to allege an element of the tort of vexatious litigation.

## II

The plaintiff next claims that the court improperly struck the eighth count of its amended complaint. Specifically, it argues that the court improperly concluded that the claims for abuse of process were not predicated

on "specific misconduct intended to cause specific injury outside the normal contemplation of private litigation." We disagree.

In its complaint, the plaintiff alleged that the defendant and Dunican sent a copy of the prejudgment remedy application to the Weitz Company, the plaintiff's largest client, and threatened to disclose publicly embarrassing information about the members of the plaintiff and their families. The plaintiff further claimed that these actions were done to induce the plaintiff to pay money to both Dunican and the defendant.

"An action for abuse of process lies against any person using a legal process against another in an improper manner or to accomplish a purpose for which it was not designed. . . . Because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process, the Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of a legal process . . . against another *primarily* to accomplish a purpose for which it is not designed . . . . Comment b to § 682 explains that the addition of [the word] primarily is meant to exclude liability when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. See also 1 F. Harper, F. James & O. Gray, Torts (2d Ed. 1986) § 4.9; R. Mallen & V. Levit, Legal Malpractice (2d Ed. 1981) § 61; W. Prosser & W. Keeton, Torts (5th Ed. 1984) § 121." (Emphasis in original; internal quotation marks omitted.) *Wilson* v. *Jefferson*, 98 Conn. App. 147, 164–65, 908 A.2d 13 (2006); see also *Larobina* v. *McDonald*, 274 Conn. 394, 403–404, 876 A.2d 522 (2005); *Mozzochi* v. *Beck*, 204 Conn. 490, 494, 529 A.2d 171 (1987).

In *Mozzochi*, our Supreme Court established a specific test to determine the scope of potential liability

of an attorney for abuse of process arising out of his or her professional representation of the interest of his or her clients. The court noted that this cause of action competed against the policy of ensuring unfettered access to the courts. *Mozzochi* v. *Beck*, supra, 204 Conn. 494–95. In an effort to avoid adoption of "rules which will have a chilling and inhibitory effect on would-be litigants of justiciable issues"; (internal quotation marks omitted) id., 495; our Supreme Court concluded that "although attorneys have a duty to their clients and to the judicial system not to pursue litigation that is utterly groundless, that duty does not give rise to a third party action for abuse of process unless the third party can point to specific misconduct intended to cause specific injury outside of the normal contemplation of private litigation. Any other rule would ineluctably interfere with the attorney's primary duty of robust representation of the interests of his or her client." Id., 497. The court concluded that the plaintiff's general allegation to "inflict injury on the plaintiff and to enrich themselves and their said client" failed to "satisfy the requirement of showing the use of legal process *primarily* to accomplish a purpose for which it is not designed . . . ." (Emphasis in original; internal quotation marks omitted.) Id.

The operative complaint filed in the present case failed to allege that the defendant used legal process, the application for a prejudgment remedy, primarily to accomplish a purpose for which it is not designed.[12]

---

[12] It appears unclear whether the acts alleged in the complaint, i.e., sending a copy of the complaint to the Weitz Company and Dunican's threats to reveal embarrassing information even constitute the use of a legal process. See, e.g., *Larobina* v. *McDonald*, supra, 274 Conn. 404–407. Although the defendant discussed this issue at oral argument, he failed to brief this claim. We therefore decline to afford it consideration. See *Legnos* v. *Legnos*, 70 Conn. App. 349, 350 n.1, 797 A.2d 1184, cert. denied, 261 Conn. 911, 806 A.2d 48 (2002); see also *State* v. *Webb*, 238 Conn. 389, 468 n.56, 680 A.2d 147 (1996), aff'd after remand, 252 Conn. 128, 750 A.2d 448, cert. denied, 531 U.S. 835, 121 S. Ct. 93, 148 L. Ed. 2d 53 (2000).

"The purpose of the prejudgment remedy of attachment is security for the satisfaction of the plaintiff's judgment, *should* he obtain one. . . . It is primarily designed to forestall any dissipation of assets by the defendant and to bring [those assets] into the custody of the law to be held as security for the satisfaction of such judgment as the plaintiff *may recover* . . . ." (Emphasis in original; internal quotation marks omitted.) *Morris* v. *Cee Dee, LLC*, 90 Conn. App. 403, 412, 877 A.2d 899, cert. granted on other grounds, 275 Conn. 929, 883 A.2d 1245 (2005) (appeal withdrawn March 13, 2006); see also *Gagne* v. *Vaccaro*, 80 Conn. App. 436, 452, 835 A.2d 491 (2003), cert. denied, 268 Conn. 920, 846 A.2d 881 (2004). The complaint contains no allegation that the application for a prejudgment remedy was used to alert the Weitz Company to the plaintiff's conduct with respect to Dunican or Dunican's potential claims against the plaintiff. Moreover, the complaint does not allege that the prejudgment remedy was used so that Dunican would be able to reveal embarrassing information. See *Lewis Truck & Trailer, Inc.* v. *Jandreau*, 11 Conn. App. 168, 170–71, 526 A.2d 532 (1987). These allegations, if proven, might show an ulterior, perhaps even malicious, motive associated with an application for a prejudgment remedy. The complaint, however, failed to allege that the primary or ultimate purpose of filing the application was to effectuate these actions. We agree with the trial court's conclusion that the allegations that the defendant "sent notice of the prejudgment remedy application to the Weitz Company and threatened to disclose embarrassing information, when viewed in [their] most favorable light, do not establish that [the defendant's] actions were in furtherance of a primary purpose other than to secure a prejudgment remedy. Rather, these allegations merely show that an ulterior motive existed [and therefore were insufficient] to constitute a cause of action for abuse of process." (Internal quotation marks omitted.)

Accordingly, we conclude that the court properly struck count eight of the plaintiff's amended complaint.

The judgment is affirmed.

In this opinion the other judges concurred.