## QUICKPOWER INTERNATIONAL CORPORATION *v.* CITY OF DANBURY ET AL.
### (AC 21861)

Lavery, C. J., and Bishop and Peters, Js.

Argued February 15—officially released May 14, 2002

*John R. Williams*, for the appellant (plaintiff).

*Ralph W. Johnson III*, with whom were *Salvatore N. Fornaciari* and, on the brief, *John B. Farley* and *Robert A. Rhodes*, for the appellees (defendants).

PER CURIAM. This appeal arises out of protracted litigation concerning the development of certain real property in Danbury known as Robinwood Terrace. The trial court granted the defendants' motion for summary judgment, determining, as a matter of law, that the plaintiff's claims are barred by several statutes of limitation. The plaintiff, Quickpower International Corporation, appeals from the judgment rendered in favor of the defendants, the city of Danbury (city), the city of Danbury environmental impact commission and Gene F. Eriquez, mayor of the city of Danbury. We affirm the judgment of the trial court.

The facts that underlie this action began almost thirty years ago. In 1974, the Danbury planning and zoning commission approved a subdivision plan for the land, which was then owned by Dana Robin Corporation (Dana Robin). The original approval required that the subdivision be completed by 1978, but Dana Robin was able to obtain an extension of the approval until 1983. In 1986, Dana Investment Corporation (Dana Investment), the successor to Dana Robin and the plaintiff's corporate predecessor, obtained title to the land. Dana Investment contested a tax assessment via a tax appeal against the city. The tax appeal was settled pursuant to a written stipulation dated August 17, 1988. The stipulation required, in part, that the planning and zoning commission would approve the subdivision, and the city and its various agencies would cooperate with Dana Investment to complete the development.

In its complaint in this action, the plaintiff alleged that following the resolution of the tax appeal, the environmental impact commission failed to issue permits for further development of the land, and issued a cease and desist order forbidding further work on the subdivision. The environmental impact commission confirmed

the order on April 12, 1989, and notified Dana Investment by letter dated April 18, 1989. No further applications concerning the land have been filed since that date, and the environmental impact commission has taken no other action with respect to the land. The plaintiff did not appeal from the environmental impact commission's decision to confirm the cease and desist order.

In 1991, Philbury Corporation commenced a foreclosure action on the land. Title to the land vested in Philbury Corporation in 1995. Sometime thereafter, the plaintiff acquired title to the land and commenced the present action on August 31, 1998.[1] The plaintiff alleged denial of due process, negligent misrepresentation, intentional misrepresentation, breach of contract, tortious interference with a contract, denial of equal protection, taking without just compensation and a claim pursuant to *Monell* v. *New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). The plaintiff sought damages and an injunction.

The defendants filed a motion for summary judgment, claiming that, as a matter of law, there were no genuine issues of material fact and that the plaintiff's claims were barred by various statutes of limitation, among other reasons.[2] The plaintiff objected to each of the defendants' bases for summary judgment. Most notably, the plaintiff claimed that a continuing course of conduct on the part of the defendants barred the application of the statutes of limitation. The court agreed with the

[1] Prior to the commencement of this action, Dana Investment filed an action against the city in the United States District Court for the District of Connecticut, alleging negligent misrepresentation and denial of due process. The action was dismissed for lack of subject matter jurisdiction.

[2] The defendants also argued that the plaintiff's claims were barred by the doctrine of res judicata, failure to exhaust administrative remedies, governmental immunity, failure to state a cause of action and as a matter of law.

defendants' statutes of limitation defense and granted the motion for summary judgment. Judgment was rendered for the defendants. The plaintiff appealed.

On appeal, the plaintiff claims that the court improperly granted the defendants' motion for summary judgment when it held that the plaintiff's claims were barred by the statutes of limitation. In its brief to this court, the plaintiff presented a new argument in which it asserted that in granting summary judgment, the trial court applied the three year and six year statutes of limitation in General Statutes §§ 52-581 and 52-576, respectively, which are, in fact, inapplicable. The plaintiff claims that the proper statute of limitations is General Statutes § 52-598 (a), which provides a twenty-five year time limit to institute an action for the collection of damages. We need not reach this question. First, except in exceptional circumstances, this court does not review claims that are not raised in the trial court. See *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230 (to review claims raised for first time on appeal is trial by ambuscade of trial judge), cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995). And second, the plaintiff conceded at oral argument before this court that it was seeking an injunction, not damages, and that § 52-598 (a) does not apply.[3]

With respect to the arguments and claims that the plaintiff raised in the trial court, it claims that any statute of limitations, regardless of length, was tolled by the defendants' continuing course of conduct in refusing to cooperate with the plaintiff to develop the land. The sum total of the plaintiff's argument is that bald assertion. An appellant that wants to prevail must do more than assert unsubstantiated claims in its brief. See *Con-*

[3] At oral argument before us, the plaintiff conceded that its claim was for breach of contract for failing to cooperate in the development of the land and that it wanted injunctive relief. It also raised a twenty year common-law statute of limitations but failed to brief that claim.

*necticut National Bank* v. *Giacomi*, 242 Conn. 17, 44–45, 699 A.2d 101 (1997); *Szczerkowski* v. *Karmelowicz*, 60 Conn. App. 429, 436, 759 A.2d 1050 (2000). The minds of appellate judges are swayed by thorough and rigorous legal analysis supported by citations to competent authority. See *Altfeter* v. *Naugatuck*, 53 Conn. App. 791, 796 n.5, 732 A.2d 207 (1999), citing *Middletown Commercial Associates Ltd. Partnership* v. *Middletown*, 42 Conn. App. 426, 439 n.12, 680 A.2d 1350, cert. denied, 239 Conn. 939, 684 A.2d 711 (1996). When an appellant has failed to brief its claims adequately, this court repeatedly has declined to review them, as we deem them abandoned. See *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996). We will not review the plaintiff's claim because it is briefed inadequately.

The judgment is affirmed.