[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Nancy Burton, appeals from a decision of the defendant, Statewide Grievance Committee (the committee), pursuant to Practice Book § 2-38, dated November 17, 2000, reprimanding her for violating rule 3.1 of the Rules of Professional Conduct[1]. The grievance giving rise to the reprimand arose from the plaintiff's behavior during the course of a hearing on a previous administrative appeal, Burton v. StatewideGrievance Committee, Superior Court, judicial district of Hartford, Docket No. 573397 (September 24, 1998, McWeeny, J.), rev'd,60 Conn. App. 698, 760 A.2d 1027 (2000). Following a hearing conducted on July 30, 1998, Judge McWeeny dismissed the appeal. In a letter dated September 25, 1998, Judge McWeeny referred the plaintiff to the Statewide Grievance Committee for investigation.[2] (Record, Item 1, p. 2.)
 I
The background of the instant appeal begins on June 4, 1998, when the court issued the following notice to the parties:
 BURTON, NANCY VS. STATEWIDE GRIEVANCE CV-97-0573377-S ORAL ARGUMENT IN THE ABOVE CAPTIONED CASE IS SCHEDULED FOR JULY 30, 1998, AT 10:00AM IN COURTROOM A OF 100 WASHINGTON STREET IN HARTFORD.
MCWEENY, J.
(Record, Item 29, p. 333.)
On July 29, 1998, the day before the hearing date reflected on the foregoing notice, the plaintiff filed a five-count lawsuit in the United States District Court for the District of Connecticut, naming several judges, including Judge McWeeny, as defendants.[3] In the last CT Page 11133 paragraph of each of the five counts, the complaint states that "[d]efendant McWeeny is excluded from this Count." (Record, Item 1, pp. 78-79.) The plaintiff had filed a motion to disqualify Judge McWeeny in February, 1998, which was denied by the court, McWeeny, J., on April 13, 1998, for failing to comply with the rule concerning motions for judicial disqualification, Practice Book § 1-23.[4] Specifically, Judge McWeeny found that the plaintiff had failed to file an affidavit setting forth any facts showing grounds for disqualification or a certificate of counsel that the motion was made in good faith as required by the rule. (Record, Item 1, p. 53 n. 4.)
At the July 30, 1998 hearing, the plaintiff filed a second motion to disqualify Judge McWeeny. It is the filing of this motion which led to the initiation of the present grievance alleging a violation of rule 3.1.
In pursuit of the July 30, 1998 motion to disqualify, the plaintiff claimed that the day before, on July 29, 1998, she had filed the aforementioned federal lawsuit against Judge McWeeny and others, and the fact of that lawsuit constituted good cause for her failure to file the motion to disqualify at least ten days prior to the July 30, 1998 hearing as required by § 1-23. She further claimed that Judge McWeeny could not be impartial based on a telephone conversation she overheard between him and another person when she appeared in court on April 13, 1998, the day that her first motion to disqualify Judge McWeeny was heard. Judge McWeeny denied the July 30, 1998 motion to disqualify stating: "The court will not recuse itself on the basis of an eleventh-hour motion that does not comply with Practice Book § 1-23 and contains only a vague, conclusory allegation that the judicial authority is not impartial." (Record, Item 1, p. 56.)
After filing his memorandum of decision on September 24, 1998, dismissing the appeal, Judge McWeeny referred portions of the record to the Statewide Grievance Committee along with a transmittal letter. (Record, Item 1, p. 2.) The Statewide Grievance Committee referred the matter to the Fairfield Judicial District Grievance Panel (Fairfield Panel), which filed a complaint. (Record, Item 1, pp. 1-80.) Pursuant to Practice Book § 2-32, the complaint of the Fairfield Panel was assigned to the Danbury Judicial District Grievance Panel (Danbury Panel), to investigate whether there was probable cause of misconduct under the Rules of Professional Conduct. (Record, Item 4, p. 86.) The Danbury Panel found probable cause which it filed with the Statewide Grievance Committee on December 18, 1998. (Record, Item 7, pp. 89-91.) Pursuant to the probable cause finding, three days of hearings were held before a three-person reviewing committee of the Statewide Grievance CT Page 11134 Committee. (Record, Item 19, pp. 103-176; Item 24, pp. 193-267; Item 28, pp. 271-332.) The reviewing committee issued its written decision on September 29, 2000, concluding that the July 30, 1998 motion to disqualify violated rule 3.1 of the Rules of Professional Conduct on the basis that the plaintiff failed properly to comply with Practice Book § 1-23 and that her articulated reasons for not complying with the ten-day requirement were not credible. (Record, Item 30, pp. 334-39). Specifically, the committee found that the plaintiff was not credible when she claimed that she did not know that Judge McWeeny would hear the appeal on July 30, 1998, because she had filed a previous motion to disqualify him just a few months before, which he denied, because of the June 4, 1998 notice to the parties from Judge McWeeny regarding the July 30, 1998 hearing and because she filed a federal lawsuit naming Judge McWeeny the day before and asserted therein that he would be hearing her appeal. (Record, Item 30, p. 339.) The plaintiff then filed a request for review with the Statewide Grievance Committee; (Record, Item 31, pp. 340-41) which affirmed the decision of reviewing committee. (Record, 33, pp. 343-44.) This appeal followed.
 II
An appeal from a decision of the Statewide Grievance Committee to reprimand an attorney is limited to a review of the record and is not a de novo proceeding. Pinsky v. Statewide Grievance Committee, 216 Conn. 228,234, 578 A.2d 1075 (1990). Practice Book § 2-38(f) provides in relevant part:
 Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee or reviewing committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, rules of practice or statutory provisions; (2) in excess of the authority of the committee; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"[T]he scope of the court's review is very limited. Although an appeal of a decision of the committee is not governed by the specific provisions of the Uniform Administrative Procedure Act, General Statutes § 4-166
CT Page 11135 et seq., the practice book provisions are so similar to the provisions of General Statutes § 4-183 of the UAPA that many of the same principles of law apply to appeals of the committee's decisions. . . . One of these basic principles is that the court may not retry the case or substitute its judgment for that of the committee. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citation omitted; internal quotation marks omitted.) Paige v. StatewideGrievance Committee, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 550327 (January 18, 1996, Maloney, J.) (15 Conn.L.Rptr. 652, 653); see also Somers v. Statewide GrievanceCommittee, 245 Conn. 277, 290, 715 A.2d 712 (1998).
"The standard of proof applicable to the committee in determining whether an attorney has violated the Rules is clear and convincing evidence. . . . This standard applies to disciplining lawyers, regardless of the ultimate sanction imposed. . . . Thus, there must be clear and convincing evidence in the record to support the committee's finding of a rules violation by an attorney." (Citations omitted.) Paige v. StatewideGrievance Committee, supra, 15 Conn.L.Rptr. 653.
 III
The court has reviewed the entire record in this case, including the transcript of the hearing and other documents submitted. The court has also studied the briefs of counsel. Based on this review, the court concludes that the reliable, probative and substantial evidence in the record supports the defendant's finding of a violation of rule 3.1 by clear and convincing evidence and that the discipline imposed was well justified under all the circumstances.
Practice Book § 1-23 establishes the requirements for a motion for disqualification of a judicial authority. These rules serve to protect the integrity of the judicial process. The rule very plainly and simply requires that the motion be in writing "accompanied by an affidavit setting forth the facts relied upon to show the grounds for disqualification and a certificate of the counsel of record that the motion is made in food faith." Practice Book § 1-23. The rule also requires that the motion be made "no less than ten days before the case is called . . . for hearing, unless good cause is shown for failure to file within such time." Practice Book § 1-23. The plaintiff made her motion in writing, accusing Judge McWeeny of not being impartial, unaccompanied by an affidavit or a certificate of good faith, on July 30, 1998, the day the hearing was scheduled pursuant to a notice dated June 4, 1998. She claimed good cause for late filing on the grounds that CT Page 11136 she did not know that Judge McWeeny would be hearing her case that day. The plaintiff's claims are not credible for several reasons: (1) the plaintiff admittedly received notice of the hearing on her administrative appeal signed by Judge McWeeny and dated June 4, 1998; (2) in February 1998, she made a prior attempt to disqualify Judge McWeeny, which was denied on April 13, 1998, for failure to comply with the affidavit and certificate of good faith requirements of Practice Book § 1-23; (3) the federal lawsuit filed on July 29, 1998, names Judge McWeeny but seeks no relief against him which suggests that it was not filed in good faith but for the express purpose of creating a reason to seek his disqualification;[5] (4) paragraph 34 of the complaint in the federal lawsuit alleges that a hearing on her appeal was scheduled "July 30, 1998 at 10 a.m. before Defendant [Judge] McWeeny"; (5) the lawsuit in and of itself is not grounds for disqualification, otherwise any judge at any time could be disqualified by the filing of a lawsuit; and (6) the plaintiff's repeated statements to the grievance panel and this court in her brief and at oral argument that she was "never provided with notice of a judicial assignment . . . nor did the SGC produce such evidence"; (see, e.g., Plaintiff's Brief, March 26, 2001, pp. 1-2); is belied by the fact that the notice she received from the court incorporated in the record herein was signed with Judge McWeeny's name. While this notice alone may not have guaranteed that Judge McWeeny would have heard her appeal, it certainly put her on notice of the substantial likelihood that he would, given his predominant role in connection with administrative appeals and his consistent involvement in the plaintiff's appeal throughout.
Finally, as articulated by the Appellate Court, a charge that a judge is not impartial implicates not only the fundamental concept of a fair trial but the very integrity of the trial court. Wendt v. Wendt,59 Conn. App. 656, 691-697, 757 A.2d 1225, cert. denied, 255 Conn. 918,763 A.2d 1044 (2000). Such motions are treated extremely seriously, so much so that "[t]he lawyer codes [of professional responsibility] express a special obligation not to criticize judges through false accusations. . . ." (Internal quotation marks omitted.) Id., 697, citing Rules of Professional Conduct 3.1 and 8.2. Practice Book § 1-23 exists to insure that motions to disqualify judges are made on solid ground substantiated by the trial record and not for any improper reason. Because the plaintiff failed to comply with any of the three essential requirements of § 1-23, the reviewing committee could reasonable infer that the plaintiff's motion to disqualify Judge McWeeny was not meritorious and in violation of rule 3.1. For all the aforementioned reasons, the court finds that the decision of the defendant finding a violation of rule 3.1 is supported by reliable and substantial evidence in the record. CT Page 11137
In addition, the court notes that the plaintiff raises grounds for her appeal which were neither briefed nor argued and are therefore considered abandoned.[6] Tomaszek v. Girard Motors, Inc., 70 Conn. App. 122,123-24, 796 A.2d 567 (2002); Quickpower International Corp. v. Danbury,69 Conn. App. 756, 759-60, 796 A.2d 622 (2002); Kelley v. Tomas,66 Conn. App. 146, 164 n. 2, 783 A.2d 1226 (2001). Further, she offers no legal analysis, cites no legal authority, makes no reference to the record or hearing transcripts, and relies solely on conclusory statements to the effect that the defendant's reprimand of her was "frivolous, malicious and without merit" and "an embarrassment to the legal professional." Finally, many of the plaintiff's arguments were not raised in her request for review before the Statewide Grievance Committee but were introduced for the first time on appeal before this court.[7]
Accordingly, the appeal is dismissed.
_______________ Peck, J.