******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

THE CADLE COMPANY *v.* FRANK F. OGALIN
(AC 38635)

DiPentima, C. J., and Beach and Westbrook, Js.*

*Syllabus*

The plaintiff, the assignee of a judgment rendered against the defendant in 1994, brought this action in 2013 seeking, in a two count complaint, to enforce the 1994 judgment, which remained unsatisfied. After the trial court granted in part the plaintiff's motion to strike the defendant's special defenses directed at count one of the complaint, it granted the plaintiff's motion for summary judgment as to the first count of the complaint. Thereafter, the court issued an amended memorandum of decision rendering judgment in favor of the plaintiff as to count one and awarding the plaintiff postjudgment interest. Subsequently, the court granted the plaintiff's motion to withdraw the second count of the complaint, and the defendant appealed to this court. *Held*:

1. The defendant could not prevail on his claim that the trial court improperly granted the plaintiff's motion to strike his second special defense to count one of the complaint, which alleged that because the plaintiff already had taken steps in 2013 to collect on the 1994 judgment via weekly payments, wage executions and property executions, the present action was duplicative, unfair, inequitable, vexatious and oppressive: although an action on a judgment is not favored as being generally vexatious and oppressive, our Supreme Court has determined previously that the weight of authority is that an allegation of nonpayment is sufficient reason for initiating an action, and the plaintiff here alleged nonpayment of the 1994 judgment; moreover, the defendant failed to provide any authority in support of his claim that the present action was unfair and duplicative due to the fact that active collection proceedings remained pending before the trial court.

2. The trial court properly granted the plaintiff's motion for summary judgment as to count one of the complaint; that court properly determined that the defendant's special defense of laches, an equitable defense, was not applicable to the plaintiff's action for monetary damages, which was filed within the relevant limitations period pursuant to statute (§ 52-598), and that even if the doctrine of laches applied, the defendant had not alleged facts other than the mere lapse of time that would create a genuine issue of material fact as to whether he was prejudiced by any delay in enforcement, especially given that the action was brought within the period authorized by § 52-598, and, thus, it was presumed that there was no prejudice, and the doctrine of laches was not imputed to the plaintiff's claim.

3. This court declined to consider the defendant's claim, raised for the first time on appeal, that the trial court improperly awarded the plaintiff postjudgment interest; although the defendant claimed on appeal that because the 1994 judgment did not award postjudgment interest, it was res judicata as to the issue of postjudgment interest, the defendant failed to specifically plead the issue of res judicata as a special defense, nor was it mentioned in his opposition to the motion for summary judgment.

Argued March 9—officially released July 25, 2017

*Procedural History*

Action, inter alia, to enforce a judgment, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Kamp, J.*, granted in part the plaintiff's motion to strike the defendant's special defenses; thereafter, the court, *Hon. Richard P. Gilardi*, judge trial referee, granted the plaintiff's motion for summary judgment; subsequently, the court, *Hon. Richard P. Gilardi*, judge trial referee, issued a corrected memorandum of decision and rendered sum-

mary judgment for the plaintiff; thereafter, the plaintiff withdrew the complaint in part, and the defendant appealed to this court. *Affirmed.*

*Roy W. Moss*, for the appellant (defendant).

*Paul N. Gilmore*, with whom, on the brief, was *Christopher A. Klepps*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. The defendant, Frank F. Ogalin, appeals from the judgment of the trial court rendered in favor of the plaintiff, The Cadle Company. On appeal, the defendant claims that the court improperly (1) granted the plaintiff's motion to strike his second special defense, (2) granted the plaintiff's motion for summary judgment and (3) awarded postjudgment interest to the plaintiff. We disagree, and, accordingly, affirm the judgment of trial court.

The following facts and procedural history are relevant to our discussion. On September 25, 2013, the plaintiff commenced the present action via a two count complaint alleging a common-law action on a judgment and an action on a judgment under principles of unjust enrichment.[1] Specifically, the complaint alleged that the plaintiff was the assignee of a judgment rendered against the defendant in the amount of $137,055.17 in a case titled *Great Country Bank* v. *Ogalin*, Superior Court, judicial district of Fairfield Docket No. CV-93-0303908-S, (March 15, 1994) (1994 judgment). The plaintiff claimed that the 1994 judgment remained unsatisfied and fully enforceable. The plaintiff sought the entry of a new judgment for the outstanding amount from the 1994 judgment, as well as postjudgment interest.

The defendant filed an answer and raised three special defenses with respect to the first count of the complaint. First, he claimed that the first count failed to state a cognizable cause of action. Second, he alleged that "[i]n 2013 [the] plaintiff obtained an order of weekly payments and wage and property executions in the action referred to in the first count. By virtue of pending postjudgment motions and proceedings, [the] plaintiff is seeking to collect the prior judgment. Under the foregoing circumstances, this action is duplicative, unfair, inequitable, vexatious, and oppressive against [the] defendant." Third, the defendant claimed that the plaintiff had not sought an order of payment or execution on the 1994 judgment until more than eighteen years had passed, and, therefore, the doctrine of laches barred the present action.

The plaintiff moved to strike the special defenses directed at count one of the complaint. The defendant filed a memorandum of law in opposition to the motion to strike. The court, *Kamp, J.*, held a hearing on September 15, 2014, on the plaintiff's motion to strike and granted the plaintiff's motion with respect to the first and second special defenses to count one. It denied the motion as to the third special defense alleging laches.

On April 23, 2014, the plaintiff filed a motion for summary judgment as to the first count of the complaint. The court denied this motion, without prejudice, on July 7, 2014. The plaintiff filed a second motion for summary judgment as to the first count on December

22, 2014. The defendant filed a memorandum in opposition to this motion on February 11, 2015. On June 10, 2015, the court, *Hon. Richard P. Gilardi*, judge trial referee, issued a memorandum of decision granting the plaintiff's motion for summary judgment.

The court first concluded that General Statutes § 52-598 authorized the present action on the 1994 judgment and that the plaintiff had commenced it timely. Next, the court considered the question of whether the present action was vexatious and oppressive. It reasoned that while a separate action on a judgment *may* be considered vexatious and oppressive, this type of action constituted a viable option for the plaintiff under our law. Additionally, the defendant had failed "to provide, nor has there been found, any support for the proposition that an action on a judgment is permitted only where a plaintiff establishes that the action is neither vexatious nor oppressive. To require otherwise would misconstrue the nature of an action on a judgment and place an additional burden on plaintiffs not contemplated by the law." Additionally, the court determined that the defense of laches did not apply to the present action because it was not a case brought in equity; further, even if laches did apply, the defendant failed to demonstrate an issue of fact as to whether he had been prejudiced by the lapse of time.

Finally, the court addressed the claim that postjudgment interest accrued from the 1994 judgment at the original contract rate of 9.75 percent. The defendant had countered that genuine issues of material fact existed as to whether the plaintiff was entitled to such interest. Relying on General Statutes § 37-1 and our Supreme Court's decision in *Sikorsky Financial Credit Union, Inc.* v. *Butts*, 315 Conn. 433, 438–45, 108 A.3d 228 (2015), the trial court concluded that postjudgment interest was mandatory at the statutory default rate of 8 percent.

On July 14, 2015, the court issued an "amended" memorandum of decision. It awarded the plaintiff $369,957.57, which consisted of the principal owed from the 1994 judgment in the amount of $137,055.17 and $232,902.40 in postjudgment interest, calculated from March 15, 1994 through June 15, 2015, at the statutory rate of 8 percent. Approximately five weeks later, the plaintiff moved for permission to withdraw count two of its complaint, which the court granted on October 29, 2015.[2] This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court improperly granted the plaintiff's motion to strike his second special defense. This defense alleged that the plaintiff had taken steps, in 2013, to collect on the 1994 judgment via weekly payments, wage executions and property executions; the present action, therefore, was duplica-

tive, unfair, inequitable, vexatious and oppressive. The plaintiff counters that the court properly struck the second special defense. We agree with the plaintiff.

We begin by setting forth our standard of review. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on [a motion to strike] is plenary. . . . A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . In ruling on a motion to strike, the court must accept as true the facts alleged in the special defenses and construe them in the manner most favorable to sustaining their legal sufficiency." (Citations omitted; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 64 Conn. App. 9, 12–13, 779 A.2d 198 (2001); see also *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 398, 119 A.3d 462 (2015); *R.S. Silver Enterprises, Inc.* v. *Pascarella*, 163 Conn. App. 1, 20, 134 A.3d 662, cert. denied, 320 Conn. 929, 133 A.3d 460 (2016).

The defendant's second special defense alleged that "[i]n 2013 [the] plaintiff obtained an order of weekly payments and wage and property executions in the action referred to in the first count. By virtue of pending postjudgment motions and proceedings, [the] plaintiff is seeking to collect the prior judgment. Under the foregoing circumstances, this action is duplicative, unfair, inequitable, vexatious, and oppressive against the defendant." In the memorandum of law opposing the motion to strike, the defendant argued that a second action on a judgment generally is considered vexatious and oppressive.

The plaintiff, in its motion to strike, claimed that this special defense was legally insufficient and was contrary to the controlling precedent from our Supreme Court. Specifically, the plaintiff alleged that the present case was not duplicative, vexatious, oppressive, unfair or inequitable, and that the passage of time statutorily had barred it from obtaining an execution on the 1994 judgment. The plaintiff also alleged that any pending motions from that case did not impact the propriety of the present action.

The sum of the defendant's appellate argument with respect to this issue is as follows: "The foregoing defense alleges facts that exemplify why a second action on a money judgment is generally considered vexatious and oppressive. *Garguilo* v. *Moore*, 156 Conn. 359 [242 A.2d 716] (1968). In the present case, as alleged in the second special defense, the action is duplicative and unfair, if for no other reason than the prior action remains pending with active collection proceedings

before the court. For the foregoing reason, [the defendant's] second [special] defense as to the first count state[s] a valid defense. It was error to strike said defense."

The defendant's reliance on *Garguilo* is misplaced. In that case, our Supreme Court stated: "Although an action on a judgment is not favored as being generally vexatious and oppressive, *the weight of authority is to the effect that an allegation of nonpayment is sufficient reason for instituting suit. Denison* v. *Williams*, 4 Conn. 402, 404 [(1822)] . . . ." (Emphasis added.) *Garguilo* v. *Moore*, supra, 156 Conn. 361. The plaintiff alleged nonpayment of the 1994 judgment; *Garguilo*, therefore, does not support the defendant's appellate argument herein.

With respect to the issue of the effect of the "active collection proceedings," the defendant failed to provide this court with any authority in support of his argument. We will not reverse the trial court on the basis of a party's bald assertion. "We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. We do not reverse the judgment of a trial court on the basis of challenges to its rulings that have not been adequately briefed. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited. . . . It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (Internal quotation marks omitted.) *NRT New England, LLC* v. *Jones*, 162 Conn. App. 840, 856, 134 A.3d 632 (2016); see *Bernhard-Thomas Bluilding Systems, LLC* v. *Dunican*, 100 Conn. App. 63, 69–70 n.6, 918 A.2d 889 (2007), aff'd, 286 Conn. 548, 944 A.2d 329 (2008); see also *Quickpower International Corp.* v. *Danbury*, 69 Conn. App. 756, 759–60, 796 A.2d 622 (2002) (minds of appellate judges are swayed by thorough and rigorous legal analysis supported by citation to competent authority and, therefore, in order to prevail, appellant must do more than assert unsubstantiated claims). Accordingly, we conclude that the defendant failed to persuade us that the court improperly granted the motion to strike his second special defense.[3]

## II

The defendant next claims that the court improperly granted the plaintiff's motion for summary judgment. Specifically, he argues that a genuine issue of material fact existed with respect to his special defense of laches. We agree with the trial court that laches, an equitable defense, is inapplicable to the plaintiff's action for mon-

etary damages, which was filed timely pursuant to the relevant statute of limitations, and that the defendant had failed to establish a genuine issue of material fact that he was prejudiced by the delay. The court, therefore, properly granted the plaintiff's motion for summary judgment.

As a preliminary matter, we set forth our standard of review and the relevant legal principles. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Rieffel* v. *Johnston-Foote*, 165 Conn. App. 391, 400, 139 A.3d 729, cert. denied, 322 Conn. 904, 138 A.3d 289 (2016); see *Capasso* v. *Christmann*, 163 Conn. App. 248, 257, 135 A.3d 733 (2016). Finally, we note that "because any valid special defense raised by the defendant ultimately would prevent the court from rendering judgment for the plaintiff, a motion for summary judgment should be denied when any [special] defense presents significant fact issues that should be tried." (Internal quotation marks omitted.) *Ulster Savings Bank* v. *28 Brynwood Lane, Ltd.*, 134 Conn. App. 699, 704, 41 A.3d 1077 (2012).

The following additional facts are necessary for our discussion. The third special defense alleged that the doctrine of laches barred the first count of the complaint.[4] The trial court rejected this defense for two reasons: "The plaintiff here is not seeking equitable relief from the court, but rather a judgment for money damages. The doctrine of laches is, therefore, inapplicable. Even assuming arguendo that the doctrine of laches was applicable, the defendant had not alleged facts other than the mere lapse of time which would create an issue of fact as to whether the defendant was prejudiced by any delay in enforcement. In fact, since the action was brought within the statutory period authorized by § 52-598, presumptively there is no prejudice

and the doctrine should not be imputed to the plaintiff's claim. See *John H. Kolb & Sons, Inc.* v. *G & L Excavating, Inc.*, [76 Conn App. 599, 613, 821 A.2d 774, cert. denied, 264 Conn. 919, 828 A.2d 617 (2003)]."

We recently explained that "[t]he defense of laches, if proven, bars a plaintiff from seeking equitable relief in a case in which there has been an inexcusable delay that has prejudiced the defendant. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . We further noted that there must be unreasonable, inexcusable and prejudicial delay for the defense to apply. . . . [A] laches defense is not . . . a substantive right that can be asserted in both legal and equitable proceedings. *Laches is purely an equitable doctrine*, is largely governed by the circumstances, and *is not to be imputed to one who has brought an action at law within the statutory period.* . . . It is an equitable defense allowed at the discretion of the trial court in *cases brought in equity*." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Wiblyi* v. *McDonald's Corp.*, 168 Conn. App. 92, 103–104, 144 A.3d 530 (2016).

These statements from *Wiblyi* echoed those of our Supreme Court in *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, supra, 317 Conn. 398–99. Two points from *Doe* and *Wiblyi* apply and directly control the present appeal; first, laches does not apply to an action at law brought within the statutory time period and second, for laches to apply, there must be an unduly prejudicial delay in bringing the action. Id.; *Wiblyi* v. *McDonald's Corp.*, supra, 168 Conn. App. 103–104. The trial court correctly applied these maxims in rejecting the defendant's special defense of laches in the present case. The defendant's appellate brief fails to address how the trial court misapplied these principles regarding laches. Accordingly, we reject this claim.[5]

### III

The defendant's final claim is that the court improperly awarded the plaintiff postjudgment interest because genuine issues of material fact existed as to whether the plaintiff was entitled to interest. Specifically, he claimed that because the 1994 judgment did not award postjudgment interest, that judgment, devoid of such an award, "was res judicata as to the postjudgment interest." The plaintiff counters that the defendant failed to raise the issue of res judicata as a special defense and is barred from doing so for the first time on appeal. It further contends that the court properly awarded postjudgment interest from the 1994 judgment.[6] We agree with the plaintiff.

"[R]es judicata and collateral estoppel are affirmative defenses that may be waived if not properly pleaded." *Singhaviroj* v. *Board of Education*, 124 Conn. App. 228,

233, 4 A.3d 851 (2010); see also *Red Buff Rita, Inc.* v. *Moutinho*, 151 Conn. App. 549, 558, 96 A.3d 581 (2014); Practice Book § 10-50. The defendant did not specifically plead the special defense of res judicata, nor was it mentioned in his opposition to the motion for summary judgment. We decline, therefore, to consider this argument that was raised for the first time on appeal. *Noonan* v. *Noonan*, 122 Conn. App. 184, 190–91, 998 A.2d 231, cert. denied, 298 Conn. 928, 5 A.3d 490 (2010).

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

1 "[A] party obtaining a judgment for money damages in Connecticut has two means to enforce that judgment; it may seek an execution of the judgment or it may initiate an independent action. See General Statutes § 52-598 (a); see also 30 Am. Jur. 2d 84, Executions and Enforcement of Judgments § 47 (2005) (distinguishing between execution and action on judgment). [As a general matter], under § 52-598 (a), a party has twenty years to execute the judgment and twenty-five years to enforce it through a separate action." *Investment Associates* v. *Summit Associates, Inc.*, 309 Conn. 840, 849, 74 A.3d 1192 (2013).

2 See Practice Book §§ 61-1 and 61-2.

3 The plaintiff, of course, is not entitled to recover under both the 1994 judgment and the present action. "As [our Supreme Court] has stated, [t]he rule precluding double recovery is a simple and time-honored maxim that [a] plaintiff may be compensated only once for his just damages for the same injury. . . . Connecticut courts consistently have upheld and endorsed the principle that a litigant may recover just damages for the same loss only once. The social policy behind this concept is that it is a waste of society's economic resources to do more than compensate an injured party for a loss and, therefore, that the judicial machinery should not be engaged in shifting a loss in order to create such an economic waste." (Citation omitted; internal quotation marks omitted.) *Carlson* v. *Waterbury Hospital*, 280 Conn. 125, 150–51 n.30, 905 A.2d 654 (2006); see also *Gionfriddo* v. *Gartenhaus Cafe*, 211 Conn. 67, 73, 557 A.2d 540 (1989) (double recovery foreclosed by rule that only one satisfaction may be obtained for loss that is subject of two or more judgments).

4 Specifically, the defendant alleged: "No order of payments or execution on the judgment was sought until more than [eighteen] years elapsed from the date of entry of the judgment. No attempt was made to foreclose judgment liens lodged in connection with the judgment. This action is barred by [the] plaintiff's laches or other failure to take prompt action to enforce the judgment."

5 As a result, we need not address the defendant's arguments regarding the plaintiff's purported use, in the proceedings before the trial court, of hearsay documents or the decision from the United States Bankruptcy Court.

6 We note that our Supreme Court has held that § 37-1 applies to interest "as compensation for a loan (interest eo nomine) . . . ." *Sikorsky Financial Credit Union, Inc.* v *Butts*, supra, 315 Conn. 439. This statute sets a default rule that a loan of money is subject to interest eo nomine at a rate of 8 percent. Id., 440. "Under § 37-1 (b), unless the parties agree otherwise, postmaturity interest will accrue at the legal rate on the unpaid balance of the loan. Thus, if the parties fail to specify whether interest will accrue after maturity, or fail to specify the rate of postmaturity interest, § 37-1 (b) mandates that interest eo nomine shall continue to accrue after maturity at the legal rate. . . . *Furthermore, postmaturity interest under § 37-1 (b) continues to accrue even after the entry of judgment and until the outstanding balance is paid in full.* . . . Consequently, an award of prejudgment and postjudgment interest on a loan that carries postmaturity interest is not discretionary; it is an integral part of enforcing the parties' bargain. . . . The trial court must, therefore, as part of any judgment enforcing a loan, allow prejudgment and postjudgment interest at the agreed rate, or the legal rate if no agreed rate is specified. The trial court is relieved of this obligation only if the parties disclaim any right to interest eo nomine after maturity." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 441–42.