******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# SIKORSKY FINANCIAL CREDIT UNION, INC.
## *v.* BERNARDINO PINEDA
### (AC 40896)

DiPentima, C. J., and Alvord and Flynn, Js.

*Syllabus*

The plaintiff credit union sought to recover damages from the defendant borrower for breach of an agreement to repay a personal loan. In its prayer for relief, the plaintiff sought interest. The defendant was defaulted for failure to appear, and the plaintiff filed a motion for judgment, which sought principal and interest calculated through the date of that motion. After a hearing in damages, taken on the papers, the trial court rendered judgment for the plaintiff awarding the amount sought in the motion, but did not expressly state that postmaturity postjudgment interest would continue to accrue. The plaintiff filed an application for financial institution execution seeking payment of the judgment and alleged, inter alia, that the court had ordered postjudgment interest. The clerk rejected this application on the ground that postjudgment interest had not been awarded. The plaintiff then filed a motion for an order of postmaturity postjudgment interest, claiming that the court previously had awarded such interest at the contractual rate. The court denied that motion, and the plaintiff appealed to this court. *Held* that the trial court improperly denied the plaintiff's motion for an order of postmaturity postjudgment interest: the statute (§ 37-1) that governs eo nomine interest as compensation for a loan sets a default rate of 8 percent, but allows the parties to contract for a different rate and, if the parties fail to specify whether interest will accrue after maturity, or to specify the rate of postmaturity interest, § 37-1 (b) mandates that interest eo nomine shall continue to accrue after maturity at the legal rate, such that an award of prejudgment and postjudgment interest on a loan that carries postmaturity interest is not discretionary, and because the parties here did not disclaim the accrual of interest eo nomine after maturity and the loan agreement provided that the defendant would pay interest at 15.99 percent until the debt was satisfied, the court was, therefore, required, upon entry of judgment, to award postjudgment interest at that rate, which arose by agreement of the parties; moreover, contrary to the trial court's findings, the plaintiff was not required to present additional evidence to support its claim for interest, nor did it make a difference that the plaintiff did not ask specifically for postjudgment interest in its prayer for relief, as the prayer for relief mentioned interest, and where, as here, a lender and borrower both agree that interest continues to accrue on a note balance until it is paid, then, under § 37-1, interest continues to accrue postmaturity and postjudgment.

Argued April 9—officially released June 19, 2018

*Procedural History*

Action seeking to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the defendant was defaulted for failure to appear; thereafter, the court, *Hon. John W. Moran*, judge trial referee, granted the plaintiff's motion for judgment and rendered judgment for the plaintiff; subsequently, the court, *Markle, J.*, denied the plaintiff's motion for an order of postjudgment interest, and the plaintiff appealed to this court. *Reversed; judgment directed.*

*William L. Marohn*, for the appellant (plaintiff).

*Opinion*

FLYNN, J. The plaintiff, Sikorsky Financial Credit Union, Inc., appeals from the judgment of the trial court denying its motion for postmaturity postjudgment interest. On appeal, the plaintiff claims that the trial court improperly denied the motion in light of General Statutes § 37-1[1] and our Supreme Court's decision in *Sikorsky Financial Credit Union, Inc.* v. *Butts*, 315 Conn. 433, 108 A.3d 228 (2015). We agree and, accordingly, reverse the judgment of the trial court.[2]

The following facts and procedural history are relevant to this appeal. The plaintiff is a credit union chartered under the laws of this state with its principal place of business in Stratford, Connecticut. On or about January 26, 2007, the plaintiff and the defendant, Bernardino Pineda, entered into a credit agreement for a personal loan, whereby the defendant agreed to repay the loan in monthly installments. Subsequently, the defendant defaulted on the agreement, and the plaintiff brought an action for recovery in the Superior Court, returnable to the judicial district of Ansonia-Milford on Tuesday, September 14, 2010. Among the plaintiff's prayers for relief was interest. After the defendant failed to file an appearance, the plaintiff by a motion dated and filed on September 20, 2010, sought a default for failure to appear, which the clerk granted on October 5, 2010. On November 17, 2010, the plaintiff filed a motion for judgment, seeking a sum of $11,923.78, inclusive of $2521.08 in interest through the date of that motion. According to the plaintiff's affidavit of debt, the principal remaining at the time was $7851.22, accruing interest at the rate of 15.99 percent.[3] After a hearing in damages, taken on the papers, the court, *Hon. John W. Moran*, judge trial referee, on November 19, 2010, entered the following judgment: "[T]he defendant(s) owe the plaintiff(s) the following: Amount due on claims: $7851.22; interest: $2521.08; attorney fees: $1,177.68; costs: $373.80; total amount of judgment: $11,923.78." As part of the judgment, Judge Moran entered a nominal order of weekly payments for $35. The plaintiff subsequently filed two applications for financial institution execution respectively dated February 11, 2015, and March 18, 2016. Neither application noted that Judge Moran's judgment contained an award of postjudgment interest and both were issued by the clerk and returned partially satisfied by a state marshal in the amount of $475.87 and $2085.02, respectively.

On May 8, 2017, the plaintiff filed a third application for financial institution execution, noting that postjudgment interest was awarded upon entry of judgment by Judge Moran. This application was rejected by the clerk on the ground that postjudgment interest had not been awarded. Thereafter, the plaintiff, on July 31, 2017, filed a motion for order of postmaturity postjudgment interest, claiming that Judge Moran had awarded such inter-

est at the contractual rate of 15.99 percent and the clerk, therefore, improperly had rejected the application for financial institution execution. In his motion, the plaintiff also cited *Sikorsky Financial Credit Union, Inc.* v. *Butts*, supra, 315 Conn. 433, for the position that postmaturity interest continues to accrue after judgment, at the rate of 15.99 percent, which was the rate that the borrower had contracted to pay as long as any loan balance was due. In considering the plaintiff's motion, the trial court, *Markle, J.*, made the following findings: "[T]he judgment was entered after a hearing in damages before the court (*Moran, J.*) on [November 19] 2010. . . . In the six years and eight months following the entry of said judgment the plaintiff never filed a motion to open judgment pursuant to [Practice Book §] 17-43. . . . The plaintiff never filed an appeal of the judgment pursuant to [Practice Book §] 61-2. . . . The plaintiff did not supply in its motion any evidence supporting contractual rights to postjudgment interest such as loan documents. . . . The plaintiff did not support its motion by submitting transcripts of the hearing in damages supporting that there had been in fact a claim for postjudgment interest (in fact there are many cases where debt collectors waive that claim). . . . The complaint does not mention a claim for postjudgment interest under the statutory provisions. . . . [T]he court is not able to make any findings that the plaintiff is entitled to the statutory postjudgment interest under [General Statutes §] 37-1a based on the record."[4] The court then denied the plaintiff's motion. On September 1, 2017, the plaintiff filed a motion to reargue/reconsider, which also was denied by the court. This appeal followed.

On appeal, the plaintiff claims that the trial court erred in concluding that postmaturity interest does not accrue after judgment. Specifically, the plaintiff argues that the trial court failed to recognize that pursuant to § 37-1, and our Supreme Court's decision in *Sikorsky Financial Credit Union, Inc.* v. *Butts*, supra, 315 Conn. 433, postmaturity contractual interest continues to accrue after entry of judgment.

In support of this argument, the plaintiff relies on language from the contract that provides, "[i]f immediate payment is demanded, you will continue to pay interest until what you owe has been repaid at the applicable interest rates in effect, or if applicable, at the default rate disclosed on the Addendum." The addendum in turn lists an interest rate of 15.99 percent for loans payable over twenty-four months, which rate also appears on a transaction receipt supplied by the plaintiff and the affidavit of debt. Throughout its brief, the plaintiff asserts that Judge Moran, upon entry of judgment, on November 19, 2010, had granted postmaturity interest. Consequently, in the plaintiff's view, the trial court, in denying its motion for postjudgment interest, improperly considered the sufficiency of the record. Although the plaintiff frames its claim of error in defini-

tive terms, suggesting that postjudgment interest was awarded upon entry of judgment by Judge Moran on November 19, 2010, the judgment itself contains no express mention of such an award. We, nevertheless, agree with the plaintiff that the November 19, 2010 judgment itself, § 37-1, and our Supreme Court's decision in *Sikorsky Financial Credit Union, Inc.*, interpreting § 37-1, should have guided the trial court.

We begin by setting forth the standard of review and applicable legal principles. "The interpretation and application of a statute . . . involves a question of law over which our review is plenary." (Internal quotation marks omitted.) *Meadowbrook Center, Inc.* v. *Buchman*, 328 Conn. 586, 594, 181 A.3d 550 (2018). Additionally, because the plaintiff's claim "involves the interpretation of definitive contract language, our review is plenary." *American First Federal, Inc.*, v. *Gordon*, 173 Conn. App. 573, 592, 164 A.3d 776, cert. denied, 327 Conn. 909, 170 A.3d 681 (2017).

In *Sikorsky Financial Credit Union, Inc.* v. *Butts*, supra, 315 Conn. 438, our Supreme Court addressed, squarely, the issue of whether contractual postmaturity interest terminates upon entry of judgment. In resolving that inquiry, the court noted that both §§ 37-1 and 37-3a relate to interest, but that the former governs interest, usually by agreement, as compensation for a loan (interest eo nomine), while § 37-3a applies to interest as damages for the detention of money. See id., 439–40. Specifically with reference to § 37-1, the court noted that subsection (a) of that provision sets a default rate of 8 percent, but allows the parties to contract for a different rate. Id., 440. Subsection (b), on the other hand, allows the parties to forgo postmaturity interest altogether. Id., 441. The court explained, however, that "if the parties fail to specify whether interest will accrue after maturity, or fail to specify the rate of postmaturity interest, § 37-1 (b) mandates that interest eo nomine shall continue to accrue after maturity at the legal rate." Id. Accordingly, "an award of prejudgment and postjudgment interest on a loan that carries postmaturity interest is not discretionary; it is an integral part of enforcing the parties' bargain. . . . The trial court *must*, therefore, as part of any judgment enforcing a loan, allow prejudgment and postjudgment interest at the agreed rate, or the legal rate if no agreed rate is specified. The trial court is relieved of this obligation *only if the parties disclaim any right to interest eo nomine after maturity.*"[5] (Citations omitted; emphasis added.) Id., 441–42.

More recently, this court, in *American First Federal, Inc.* v. *Gordon*, supra, 173 Conn. App. 592–93, applied and reaffirmed the principle from *Sikorsky Financial Credit Union, Inc.* In that case, the plaintiff argued on appeal that the trial court erroneously awarded interest on the unpaid principal rather than the total judgment

amount. Id., 592. This court affirmed the judgment of the trial court, reiterating that, unless the parties disclaim postmaturity interest, the trial court has no discretion to apply it in terms other than those agreed by the parties. Id., 593. Consequently, we held that the trial court correctly awarded interest on the principal balance only, as had been agreed by the parties. Id.; see also *Cadle Co.* v. *Ogalin*, 175 Conn. App. 1, 12–13 n.6, 167 A.3d 402 (noting postmaturity interest continues to accrue after entry of judgment and is not discretionary), cert. denied, 327 Conn. 930, 171 A.3d 454 (2017).

Our law after *Sikorsky Financial Credit Union, Inc.* v. *Butts*, supra, 315 Conn. 433, therefore, is clear that the trial court is mandated to enter postmaturity postjudgment interest, unless the parties expressly disclaim its accrual after maturity. Additionally, if the parties do not specify an interest rate, it accrues at the statutory rate of 8 percent. Id., 440–41. In the present case, the parties did not disclaim the accrual of interest eo nomine after maturity. Rather, the loan agreement provided that the defendant would pay interest at 15.99 percent until the debt was satisfied, and the addendum, the transaction receipt, and the plaintiff's affidavit of debt all show a contractual interest rate of 15.99 percent. The court, thus, was required, upon entry of judgment, to award postjudgment interest at that rate, which arose by agreement of the parties. See *American First Federal, Inc.* v. *Gordon*, supra, 173 Conn. App. 592–93.

In the plaintiff's view, Judge Moran necessarily awarded postjudgment interest at 15.99 percent when he expressly granted the prejudgment interest requested in by the plaintiff in its motion for judgment. Specifically, at oral argument before this court, the plaintiff maintained that the judgment necessarily includes postjudgment interest at the rate of 15.99 percent because that was the rate used to compute the prejudgment interest. Post-*Sikorsky*, the rules of the court, and rules of practice have not made the judges' or clerks' role convenient to make ready disposition. Nor have the rules kept up with enforcement or payment of judgment debts where eo nomine interest is bargained for by the parties and continues to accrue at a rate they agreed upon postmaturity until the note is paid. Until some rule amendment is adopted, so that the application for execution on the judgment succinctly and readily informs a court clerk or judge of the basis of entitlement to running eo nomine interest post note maturity and postjudgment, the court will have to examine the motion for judgment and its attachments to determine if that record suffices to justify the issuance of an execution on the underlying judgment in an amount of eo nomine interest claimed in the application.

In light of these circumstances, we understand how the trial court felt compelled to require the plaintiff to

submit additional evidence in support of its claim. The court, however, could have taken judicial notice of the court file and Judge Moran's earlier underlying judgment, which awarded eo nomine interest on the unpaid balance of the judgment on the note, in the exact amount set forth in the plaintiff's motion for judgment and its attachments containing the contractual rate of interest of 15.99 percent. There was no need for transcripts of the proceeding before Judge Moran because the defendant had been defaulted and, therefore, the motion for judgment after that default was taken on the papers; there was no transcript. The trial court's reasoning that the plaintiff should have appealed from Judge Moran's judgment or filed a motion to open is misdirected, because Judge Moran already had awarded eo nomine interest. There was no need to appeal or move to open a judgment that had granted what the plaintiff sought. See *Scarsdale National Bank & Trust Co.* v. *Schmitz*, 24 Conn. App. 230, 233, 587 A.2d 164 (1991) ("[a] party cannot be aggrieved by a decision that grants the very relief sought"). Additionally, it makes no difference that the plaintiff's complaint did not ask specifically for postjudgment interest. The complaint's prayer for relief mentions interest. If a lender and borrower have both agreed that interest continues to accrue on a note balance until it is paid, then, under § 37-1, interest continues to accrue postmaturity and postjudgment. The parties in this case contracted for a specific rate of interest eo nomine and did not expressly disclaim its accrual after maturity. See *Sikorsky Financial Credit Union, Inc.* v. *Butts*, supra, 315 Conn. 441–42. Accordingly, the court improperly denied the plaintiff's motion.

The judgment is reversed only as to the denial of the plaintiff's motion for an order of postjudgment interest and the case is remanded to the trial court with direction to grant execution on the judgment, including eo nomine postjudgment interest at the contractual rate of 15.99 percent on that part of the judgment that remains unpaid.

In this opinion the other judges concurred.

[1] General Statutes § 37-1 provides: "(a) The compensation for forbearance of property loaned at a fixed valuation, or for money, shall, in the absence of any agreement to the contrary, be at the rate of eight per cent a year; and, in computing interest, three hundred sixty days may be considered to be a year.

"(b) Unless otherwise provided by agreement, interest at the legal rate from the date of maturity of a debt shall accrue as an addition to the debt."

[2] The defendant, Bernardino Pineda, neither filed an appearance in the trial court nor appeared before this court.

[3] Although the plaintiff's motion did not specify the interest rate of 15.99 percent, the affidavit of debt and other loan documents attached to the plaintiff's motion recited that interest rate. The plaintiff's motion sought $2521.08 in prejudgment interest, calculated at the contractual rate of 15.99 percent, which the court awarded. We know therefore that the judgment of November 19, 2010, granted the plaintiff's motion providing for eo nomine interest—interest as compensation for a loan—at the rate of 15.99 percent, which the defendant had agreed to pay postmaturity. The rate of 15.99 percent exceeds the 8 percent default rate of interest provided in § 37-1.

[4] Although the trial court's order mistakenly cites § 37-1a, it is clear that the relevant statute is § 37-1, and, in fact, the plaintiff, in its motion, specifically sought an award of interest under that statute.

[5] By contrast, although interest under § 37-3a may also accrue both pre- and postjudgment, whether it is awarded is "principally an equitable question lying within the trial court's discretion." *Sikorsky Financial Credit Union, Inc.* v. *Butts*, supra, 315 Conn. 443. Only after the parties expressly reject postmaturiy interest does the court then have discretion to award interest under § 37-3a. Id., 444.