******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CHARLES H. GADDY *v.* MOUNT VERNON FIRE
INSURANCE COMPANY ET AL.
(AC 41130)

Bright, Devlin and Eveleigh, Js.

*Syllabus*

The plaintiff appealed to this court from the judgment of the trial court
granting the motion for summary judgment filed by the defendants. The
plaintiff claimed that the trial court improperly concluded that his claims
were barred by the applicable statute of limitations. *Held* that the trial
court properly granted the defendants' motion for summary judgment
and rendered judgment for the defendants; the claims that the plaintiff
raised on appeal were essentially the same claims that he raised in the
trial court and, because those issues were properly resolved in the
trial court's thoughtful and comprehensive memorandum of decision, this
court adopted that court's well reasoned memorandum of decision as
a statement of the facts and the applicable law on those issues.

Argued May 28—officially released September 3, 2019

*Procedural History*

Action seeking, inter alia, to recover proceeds alleg-
edly due under an insurance policy issued by the defen-
dants, and for other relief, brought to the Superior Court
in the judicial district of Hartford, where the court,
*Noble*, *J.*, denied the plaintiff's motion for summary
judgment and granted the defendants' motion for sum-
mary judgment, and rendered judgment thereon, from
which the plaintiff appealed to this court. *Affirmed.*

*Mario Cerame*, with whom, on the brief, were *Juri
E. Taalman*, *Joseph R. Serrantino* and *Timothy Brig-
nole*, for the appellant (plaintiff).

*Beverly Knapp Anderson*, for the appellees
(defendants).

*Opinion*

PER CURIAM. The plaintiff, Charles H. Gaddy, appeals from the summary judgment rendered by the trial court in favor of the defendants, Mount Vernon Fire Insurance Company and United States Liability Insurance Group. On appeal, the plaintiff claims that the court improperly concluded that his claims were barred by the applicable statute of limitations. We disagree.

The claims raised by the plaintiff on appeal essentially are the same claims he raised in the trial court when he opposed the defendants' motion for summary judgment and argued in favor of his own motion for summary judgment. We have examined the record on appeal, including the briefs and arguments of the parties, and we conclude that the judgment of the trial court should be affirmed. The issues raised by the plaintiff were resolved properly in the thoughtful and comprehensive memorandum of decision filed by the trial court, *Noble, J.* Because Judge Noble's memorandum of decision also fully addresses the arguments raised in the present appeal,[1] we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on those issues. See *Gaddy* v. *Mount Vernon Fire Ins. Co.*, Superior Court, judicial district of Hartford, Docket No. CV-16-6066237-S (October 16, 2017) (reprinted at 192 Conn. App.    ,    A.3d    ). It would serve no useful purpose for us to repeat those facts or the discussion here. See, e.g., *Tzovolos* v. *Wiseman*, 300 Conn. 247, 253–54, 12 A.3d 563 (2011).

The judgment is affirmed.

[1] In addition to the claims he raised before the trial court, the plaintiff, on appeal, also argues that a recent case, *Cadle Co.* v. *Ogalin*, 175 Conn. App. 1, 167 A.3d 402, cert. denied, 327 Conn. 930, 171 A.3d 454 (2017), establishes that, pursuant to General Statutes § 52-598, he, as a judgment creditor, has twenty-five years to bring suit against the defendants, which he claims are judgment debtors. We disagree that *Cadle Co.* applies to the plaintiff's situation. Because the plaintiff has never obtained a judgment against these defendants, they, as a matter of law, are not judgment debtors in this case. In an attempt to avoid this obvious conclusion, the plaintiff argued, for the first time in a motion for reargument and reconsideration, that the defendants are the "alter ego" of their insured, the actual judgment debtor. The court denied the plaintiff's motion, and the plaintiff has not argued on appeal that it was error for the court to do so. Furthermore, other than a bald assertion that the defendants are the alter ego of their insured, neither the plaintiff's principal brief nor his reply brief contain any analysis of such a claim. For these reasons, any such claim is deemed abandoned. See *NRT New England, LLC* v. *Jones*, 162 Conn. App. 840, 856, 134 A.3d 632 (2016).